IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERIC DEMOND RUSSELL                                                                                               PLAINTIFF

v.                                              Civil No. 4:22-cv-04035

CAPTAIN ADAMS, Miller County Detention
Center ("MCDC"); SERGEANT GOLDEN, MCDC;
CORRECTIONAL OFFICER MRS. WATSON,
Grievance Officer MCDC; WARDEN J. WALKER,
MCDC; and FINANCIAL OFFICER SHARON PARK,                                              DEFENDANTS
MCDC

## REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's Motion for Preliminary Injunction. (ECF No. 17). Defendants have filed a Response in opposition to the motion. (ECF No. 19).

### I. BACKGROUND

Plaintiff filed his Complaint on April 19, 2022. (ECF No. 1). He was granted *in forma pauperis* status that same day. (ECF No. 3). In response to this Court's order, Plaintiff filed an Amended Complaint on April 26, 2022. (ECF No. 6). Plaintiff alleges Defendants violated his constitutional rights when they released personal information including his full social security number and retaliated against him for grievances he filed at the Miller County Detention Center ("MCDC"). *Id.* at pp. 6-11. Plaintiff initially named Captain Adams, Sergeant Golden, Grievance Officer Mrs. Watson, Correct Commissary, Smart Communication, Warden Walker, and Officer Sharon Parker as Defendants. However, on August 1, 2022, Correct Commissary and Smart Communication were terminated as Defendants after the Court directed Plaintiff to provide the Court with addresses for service and he failed to do so. (ECF Nos. 9, 18).

1

In the instant motion, Plaintiff asks the Court to issue an "Immediate Injunction/Protective Order against the Defendant in this case. Miller County Detention Center, Correct Commissary and Smart Communication." (ECF No. 17). He argues he has written these Defendants asking the to "remove my personal information from being online and from freely releasing my sensitive information to the public." *Id.* In response, Defendants Adams, Golden, and Watson argue Plaintiff's motion should be denied because Plaintiff cannot show success on the merits of his claims. (ECF No. 19).

## II.  LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions.  In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors:  (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest.  *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).

While no single factor is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976).  The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995).  In addition, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always

be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

### III.  DISCUSSION

As an initial matter, Defendants Correct Commissary and Smart Communication have been terminated as Defendants in this lawsuit. In addition, Defendants Adams, Golden, and Watson – each of whom are employed at the MCDC - deny all the allegations made against them by Plaintiff and argue he cannot prevail on the merits of his claim based on the release of his social security number.

The Court agrees. *See Dillard v. O'Kelley,* 961 F.3d 1048, 1052 (8th Cir. 2020); *Spurlock v. Ashley Cnty.,* 281 Fed. Appx. 628, 629 (8th Cir. 2008) (Defendant did not violate any of plaintiff's constitutional rights by disclosing his social security number because the United States Constitution does not provide a right to privacy in one's social security number.) Moreover, Plaintiff has not alleged he will suffer any irreparable harm if injunctive relief is denied. Without a finding of irreparable injury, a preliminary injunction should not be issued. *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.*, 871 F.2d 734, 738 (8th Cir. 1989) (*en banc*).

Finally, the Court must balance the harm and injury to Defendants if an injunction is granted and assess whether the issuance of an injunction would be in the public interest.  In assessing the public interest, it must be remembered that "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Meachum v. Fano,* 427 U.S. 215, 229 (1976).  Granting injunctive relief at this point based on Plaintiff's unsubstantiated allegations would amount to direct interference by the Court with the operation and administration of the MCDC which is harmful to Defendants and does not serve any public interest.

## IV.  CONCLUSION

Accordingly, I recommend Plaintiff's Motion for Preliminary Injunction (ECF No. 17) be **DENIED.**

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 23th day of August 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE