IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERIC DEMOND RUSSELL                                                                                         PLAINTIFF

v.                                          Case No. 4:22-cv-4035

CAPTAIN ADAMS, *et al*.                                                                                DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.  ECF No. 30.  Plaintiff Eric Demond Russell has objected.  ECF No. 35.  The Court finds the matter ripe for consideration.

## I. BACKGROUND

Plaintiff is currently incarcerated in the Miller County, Arkansas Detention Center ("MCDC"). On April 19, 2022, Plaintiff filed this action *pro se* and brought claims pursuant to 42 U.S.C. § 1983 related to the disclosure of his social security number and for alleged unconstitutional conditions of confinement.  ECF No. 1.  Plaintiff alleges that the MCDC employee Defendants disclosed Plaintiff's social security number to Defendants Correct Commissary and Smart Communication, who in turn disclosed his social security number to the public.  *Id*.  Plaintiff's Second Amended Complaint clarified that all claims are against Defendants in their official capacities.  ECF No. 8.

On July 29, 2022, Plaintiff filed a motion for an injunction that sought to bar Defendants from sharing his social security number and force them to remove his social security number from being visible online.  ECF No. 17.  The MCDC Defendants responded in opposition, arguing that Plaintiff failed to meet the requirements of demonstrating that an injunction is needed.  ECF No. 19. Specifically, the MCDC Defendants contend that Plaintiff failed to show a likelihood of success on the merits because there is no substantive due process right to privacy for an individual's social security number.  *Id*.  On August 23, 2022, Judge Bryant issued the instant Report and Recommendation, which

recommends that Plaintiff's request for an injunction be denied. ECF No. 30. On September 9, 2022, Plaintiff filed a timely objection to Judge Brant's conclusion. ECF No. 35.

## II. DISCUSSION

### A. Standard of Review

Plaintiff submitted his objection to Judge Bryant's Report and Recommendation by the September 9, 2022, deadline.[1] The Court finds that Plaintiff's objections are specific enough to trigger a *de novo* review of Judge Bryant's recommendation. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (specific objections shift a court's review from one which scrutinizes for plain error to one in which the issues are reviewed *de novo*); *see also* 28 U.S.C. § 636(b)(1); *and see Devine v. Walker*, 984 F.3d 605, 607 (8th Cir. 2020) (noting that pro se filings must be construed liberally).

### B. Request for Injunction

Judge Bryant recommends that Plaintiff's request for an injunction be denied for failing to make the required showing necessary for granting an injunction. ECF No. 30, p. 2-3. After detailing the factors that must be considered when evaluating a request for an injunction, Judge Bryant determined that Plaintiff has not shown that he is likely to prevail on the merits for his claim regarding his social security number or that he will suffer irreparable harm without the injunction. *Id*. Judge Bryant also determines that the public interest consideration weighs against granting the injunction because of the general policy preference of federal courts to not interfere with the operation of State correctional facilities. *Id*. at p. 3. Therefore, Judge Bryant concluded that the required considerations clearly indicate that Plaintiff's request for an injunction should be denied. *Id*. at p. 3-4.

Plaintiff's objection to Judge Bryant's conclusion argues that he has demonstrated a likelihood of success on the merits and shown irreparable harm. ECF No. 35. Plaintiff contends that his constitutional right to privacy has been violated by the Defendants' transfer and disclosure of his social

---

[1] While Plaintiff's objection was not filed until September 22, 2022, he mailed his objections by September 9, 2022. ECF No. 35, p. 8.

security number.  *Id*. at p. 1-3.  Plaintiff cites to an Arkansas statute and a few federal statutes and regulations, though not ones creating the right Plaintiff asserts, to support the importance of protecting personal information.[2]  *Id*. at p. 3-6.  Plaintiff also emphasizes that the risk of identity theft through the disclosure of his social security number risks irreparable harm.  *Id*. at p. 4-6.

A court evaluating a party's request for an injunction must evaluate four factors: the likelihood of the party's success on the merits, the likelihood of the party suffering irreparable harm without the injunction, whether the balance of equities favors the party, and whether the injunction is in the public interest.  *See Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 664-65 (8th Cir. 2022) (citations omitted).  The most important factor for consideration is the party's likelihood of success on the merits.  *See id*. at 665 (citation omitted).  The burden of establishing the necessity of the injunction is on the moving party.  *See id*. at 664 (citation omitted).  A plaintiff bringing claims under 42 U.S.C. § 1983 must show that an individual acting under color of law deprived the plaintiff of "any rights, privileges, or immunities secured by the Constitution and laws."  Claims brought pursuant to § 1983 "against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights."  *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998).

The Court finds that Judge Bryant's conclusion is correct.  Plaintiff's motion does not make the required showing for granting an injunction.  Plaintiff's § 1983 claim related to his social security number disclosure and the corresponding injunction request has little chance of success on the merits because the Eighth Circuit has previously determined that confidentiality of private information is not a clearly protected constitutional interest.  *See Dillard v. O'Kelley*, 961 F.3d 1048, 1053-55 (8th Cir. 2020) ("The resulting legal uncertainty surely means the alleged constitutional right to informational

---

[2] The statutes and regulations Plaintiff cites are: 12 C.F.R. § 1022.3(h), which defines identity theft; 16 C.F.R. § 681.1(d), which details the identity theft prevention program that certain financial institutions must establish; 5 U.S.C. § 552, which details the information federal agencies must make public, and; Ark Code. § 4-110-104, which details the care businesses and individuals should utilize when handling an individual's personal information.

privacy is not 'beyond debate' in the Eighth Circuit."); *and see Spurlock v. Ashley County*, 281 F. App'x 628, 629 (8th Cir. 2008) (holding that disclosure of a plaintiff's social security number did not violate a constitutional right to privacy). This fundamentally undermines Plaintiff's request for the injunction because the chance of success on the merits is the most important consideration in evaluating his request. *See Tumey*, 27 F.4th at 665. Also, the Court views Plaintiff's broad assertions of the likelihood of identity theft due to the disclosure of his social security number as inadequate to demonstrate a legitimate risk of irreparable harm. *See id*. at 664. Accordingly, the Court finds that Plaintiff has failed to satisfy the demands of demonstrating that an injunction is necessary in this matter and his request for one must be denied.

### III. CONCLUSION

For the reasons stated above, the Court finds that Judge Bryant's Report and Recommendation (ECF No. 30) should be and hereby is adopted *in toto*. Plaintiff's Motion for Injunction (ECF No. 17) is hereby **DENIED**.

**IT IS SO ORDERED**, this 14th day of November, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge