IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERIC DEMOND RUSSELL.                                                        PLAINTIFF

v.                                        Civil No. 4:22-cv-04035

CAPTAIN ADAMS; SERGEANT GOLDEN;
CORRECTIONAL OFFICER MRS. WATSON;
CORRECT COMMISSARY; WARDEN J. WALKER;
and FINANCIAL OFFICER SHARON PARK                                DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is Defendants, Captain Adams, Sergeant Golden, and Mrs. Watson (hereinafter "County Defendants") Motion to Dismiss (ECF No. 38).[1]  Plaintiff responded.  (ECF No. 45).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred the instant motion to the undersigned for the purpose of making a Report and Recommendation.

### I.      PROCEDURAL BACKGROUND

Plaintiff filed his original Complaint on April 19, 2022. (ECF No. 1).  Upon the Court's order, Plaintiff filed an Amended Complaint on April 26, 2022.  (ECF No. 6).  On May 2, 2022, the Court again ordered Plaintiff to amend his complaint.  (ECF No. 7).  Plaintiff complied, filing his Second Amended Complaint on May 16, 2022.  (ECF No. 8).

The Court ordered service on the County Defendants on May 19, 2022.  (ECF No. 10). Specifically, summons were issued on Captain Adams, Warden Jeffie Walker, Sharon Parker, Sergeant Golden, and Correctional Officer Mrs. Watson.  *Id.*  On May 21, 2022, Golden Adams,

---

[1]  Defendants include Al Landreth in their Motion to Dismiss, however, Al Landreth is not a Defendant in this case.

1

Daniel Golden, Al Landreth, and Kim Watson filed an Answer to Plaintiff's Second Amended Complaint. (ECF No. 12). In the Answer, County Defendants note Al Landreth appears as the "grievance officer."[2] *Id*. The summons for Sharon Parker was returned unexecuted. (ECF No. 13). Defendant Walker filed his Answer to Plaintiff Second Amended Complaint on August 16, 2022. (ECF No. 21). It was determined, Sharon Park not Sharon Parker was the intended Defendant, and Sharon Park filed her Answer to Plaintiff's Second Amended Complaint on August 17, 2022. (ECF No. 25).

On May 18, 2022, the Court also ordered Plaintiff to provide addresses for service for Defendants Smart Communication and Correct Commissary. (ECF No. 9). Plaintiff provided addresses for service, and the Court issued summons on Correct Commissary and Smart Communications on September 8, 2022. (ECF No. 34). The summons for Smart Communication was returned unexecuted on December 1, 2021. (ECF No. 37). No summons has been returned for Correct Commissary, and no Answer has been filed for either Correct Commissary or Smart Communications.

On February 2, 2023, County Defendants filed the instant Motion to Dismiss and Brief in Support pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 38, 39). Plaintiff was directed to respond to this Motion to Dismiss by February 24, 2023. (ECF No. 40). Plaintiff failed to do so. On March 8, 2023, the Court entered an Order to Show Cause why Plaintiff failed to comply with the Court's February 24, 2023 Order and respond to County Defendants' Motion to

---

[2] In his Second Amended Complaint, Plaintiff identifies Kim Watson as the grievance officer about which he complains. (ECF No. 8, p. 5). If County Defendants intend to substitute Al Landreth for Kim Watson in her official capacity as grievance officer, because she is no longer employed as the grievance officer, they should file an independent motion to clarify the issue with the Court.

Dismiss.  (ECF No. 44).  Plaintiff responded to the Order to Show Cause on March 20, 2023.  (ECF No. 45).

## II.    FACTUAL BACKGROUND

Plaintiff is currently incarcerated in the Arkansas Department of Corrections – Ouachita River Unit.  His claims in this lawsuit stem from alleged civil rights violations while he was incarcerated in the Miller County Detention Center ("MCDC") in Texarkana, Arkansas as a pretrial detainee.  Plaintiff sued the County Defendants in their official capacities only.  Plaintiff is seeking injunctive relief, and compensatory and punitive damages. (ECF No. 8).

In his Second Amended Complaint, Plaintiff alleges four claims.  First, Plaintiff claims, on November 30, 2021, Defendants Warden Walker, Administrator S. Park, and Captain Adams, violated his constitutional rights by releasing his personal information.  Specifically, Plaintiff alleges:

> Warden Walker is over (MCDC) S. Park is over financials and administrator over inmates Accounts.  Captain Adams is over conditions of confinement releasing my personal information.  I never signed a [written] release form giving them permission to release my information using [my] whole social number for Inmates ID number.  You can go online to order Commissary Pack and you can get inmate Social Number back on receipts.  People Passing the Kiosk can see your social number on top.

(ECF No. 8, p. 6) (errors in original).  Further, Plaintiff alleges Defendants' actions caused an unsafe environment and subjected his personal information to theft by other inmates.  Plaintiff argues the MCDC should have followed "your privacy policy redaction requirement" and failing to do so created an unsafe condition of confinement for him.  *Id.*at 7.  Plaintiff claims this disclosure of his social security number causes him fear, anxiety, and paranoia which violates his substantive due process rights.  *Id.*  The policy plaintiff challenges is the release of his "sensitive information" without a signed release form and without using a privacy policy redaction

requirement. *Id*. at 8. Plaintiff claims this violates his constitutional right to confidentiality, fails to protect his right to privacy, and violates his substantive due process rights. *Id.*

In Claim 2, Plaintiff claims, on March 18, 2022, Correct Commissary CEO leaked out his personal and private information to the public. Specifically, Plaintiff alleges a friend ordered him a "commissary pack" and received a return text with his full name and social security number. (ECF No. 8, p. 9). This caused Plaintiff fear he would be a victim of identity theft, and fear of losing his life savings. *Id.* For his official capacity claim against Correct Commissary, Plaintiff alleges the release of his personal information without a signed release form violated privacy policy redaction requirement, constitutional right to confidentiality, conference privacy policy, and violated his substantive due process rights. *Id.*

For Claim 3 Plaintiff alleges, on January 15, 2022, Defendant Smart Communication released his full name and social security number on the Kiosk. This Kiosk is located underneath the unit television inside the MCDC, and anyone can walk by it and write down his social security number. This caused an unsafe environment for Plaintiff by causing him stress and paranoia. (ECF No. 8, p. 9).

In Claim 4 Plaintiff alleges, Defendants Watson, Captain Adams, and Sergeant Golden did not provide a safe environment, subjected him to unconstitutional conditions of confinement, and cruel and unusual punishment. (ECF No. 8, p. 10). Specifically, Plaintiff claims Defendant Watson forwards grievances to the officer subject to the grievance. Which then makes said officer retaliate against inmates. Plaintiff claims Defendant Adams is in charge of disciplinary and confinement safety. Plaintiff further alleges, Defendant Golden placed Plaintiff in lock-up for no reason. Plaintiff stayed locked up for seven days without a "write up." Plaintiff alleges Defendant

Golden is rude in his responses to grievances.  (ECF No. 8, p. 10).  Plaintiff explains this official capacity claim is:

> Not providing a safe and equal environment.  Eighth Amendment Conditions of Confinement.  Your job is your job not a buddy system.  And keeping a blind eye to justices.  Causing cruel and unusual punishment.  We maybe inmates but we still have rights.  Inmates lives matter too.

(ECF No. 8, p. 11) (errors in original).

For relief, Plaintiff requests his personal information be protected, for MCDC to start using ID numbers instead of social security numbers, for the MCDC to get a proper grievance system, and for all officers to be held accountable.  (ECF No. 8, p. 12).  Plaintiff also requests further relief against MCDC and Smart Communications in the form of removal from the MCDC and restraining orders, as well as "Five thousand a day" for releasing his sensitive information, and eight thousand a day for violation of his civil rights.  *Id*. at 13.

In their Motion to Dismiss and Brief in Support, Defendants argue Plaintiff fails to state a claim upon which relief can be granted.  (ECF No. 39).  Specifically, Defendants argue even taking all of Plaintiff's allegations as true, these allegations do not rise to any constitutional violations.  *Id*. at 1.  Defendants go on to point out the Court has previously recognized this in its Report and Recommendation on Plaintiff's Motion for Injunctive Relief.  (ECF No. 36).  In that Report and Recommendation, the Court held Plaintiff failed to show the likelihood of success on the merits of his claim, because he has failed to state a claim upon which relief can be granted.  *Id.*  County Defendants did not move for dismissal of Plaintiff's Claim 4 regarding retaliation and cruel and unusual punishment related to the lock-up.  *Id.*

In his Response, Plaintiff makes no argument against dismissal.  (ECF No. 45).  Instead, he focuses his arguments on his address of record.

### III. LEGAL STANDARD

As an initial matter, the Court notes a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a pre-answer motion.  Fed. R. Civ. P. 12(b)(6); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  Accordingly, Plaintiff's filing of a Motion to Dismiss under this Rule after answering Plaintiff's Second Amended Complaint is improper timing.  However, Defendants did not waive their ability to present a failure to state a claim upon which relief can be granted in failing to assert it prior to their Answer.  Defendants may still plead the defense in a motion for judgment on the pleadings pursuant to Rule 12(c).  Fed. R. Civ. P. 12(c); 12(h)(2); *Westcott*, 901 F.2d at 1488.

Moreover, as the legal standard for a motion for judgment on the pleadings under Rule 12(c) is the same standard as a motion to dismiss under Rule 12(b)(6), the Court will interpret the County Defendants' Motion as on for a judgment on the pleadings pursuant to Rule 12(c).  *See Westcott*, 901 F.2d at 1488 (noting the "distinction is purely formal" as courts review a Rule 12(c) motion for judgment on the pleadings under the same standard courts consider a Rule 12(b)(6) motion to dismiss).  A "judgment on the pleadings is appropriate when there are no material facts to resolve[,] and the moving party is entitled to a judgment [in his favor] as a matter of law." *Mills v. City of Grand Forks,* 614 F.3d 495, 497-98 (8th Cir. 2010).

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  The Court will consider well plead factual allegations in the Complaint as true, and construe all reasonable inferences from the pleadings in favor of the

non-moving party. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). However, while the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

Additionally, the Court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record in ruling upon a Rule 12(c) motion. *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

## IV.   DISCUSSION

Plaintiff plead four claims in his Complaint. Claims One through Three are all based on the disclosure of Plaintiff's social security number by all of the Defendants. Claim Four is based on lock-down without disciplinary proceedings. The Court initially notes, County Defendants did not move for dismissal of Claim Four regarding the lock-down. Accordingly, the Court will only address Plaintiff's Claims One through Three in this Report and Recommendation.

Furthermore, the Court recognizes that Defendants Smart Communications and Correct Commissary (hereinafter "Contractor Defendants") have not moved for dismissal as they have not yet been properly served. However, the Court may on its own initiative dismiss claims for failure to state a claim. *See Buckley v. Ray*, 848 F.3d 855, 867 n.9 (8th Cir. 2017); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991); *Mildfelt v. Circuit Court*, 827 F.2d 343, 345 (8th Cir. 1987) (per curiam); *Martin-Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir. 1982). Dismissal is appropriate where a "plaintiff cannot possibly prevail and amendment would be futile." *Bucklew v. Lombardi*, 783 F. 3d 1120, 1127 (8th Cir. 2015). Accordingly, the Court will on its own initiative address all of Plaintiff's Claims One through Three against both County Defendants and Contractor Defendants.

Taking all of Plaintiff's allegations as true in Claims One through Three, the Court finds

Plaintiff has failed to state a cognizable claim for any constitutional privacy claim.  The Eighth

Circuit has explained the strict standard for a privacy violation under the Fourteenth Amendment:

> [T]o violate the constitutional right of privacy the information disclosed must be either a shocking degradation or an egregious humiliation . . ., or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information.  To determine whether a particular disclosure satisfies this exacting standard, we must examine the nature of the material . . . to assess whether the person had a legitimate expectation that the information would remain confidential while in the state's possession.

*Van Zee v. Hanson*, 630 F.3d 1126, 1128 (8th Cir. 2011) (internal citations and quotations omitted).

Furthermore, the "protection against public dissemination of information is limited and extends

only to highly personal matters representing the most intimate aspects of human affairs." *Eagle v.*

*Morgan,* 88 F.3d 630, 625 (8th Cir. 1996) (citations and internal quotations omitted).

The Eighth Circuit has previously refused to recognize a constitutional privacy violation

related to disclosure of an individual's social security number.  *See Spurlock v. Ashley County*,

2007 WL 858624, at *3 (W.D. Ark. Mar. 20, 2007) (holding no constitutional violation of privacy

when the Ashley County Sheriff's Department disclosed the plaintiff's booking sheet, to the

public, which contained his social security number) *aff'd*, 281 Fed.Appx. 628, 629 (8th Cir. 2008)

(unpublished); *McCaslin v. Campbell*, 108 F.3d 1382, 1997 WL 148824 at *1-2 (8th Cir. April

1997) (holding the disclosure of the plaintiff's social security number, bank account numbers,

driver's license information, previous landlords, personal references, previous criminal record, and

previous names did not rise to the level of a constitutional privacy violation).  The alleged

disclosure of Plaintiff's social security number is no more egregious, thus, failing to rise to the

level of a privacy violation.

Accordingly, taking Plaintiff's allegations as true, he has failed to state a claim upon which

relief can be granted in Claims One through Three because the disclosure of his social security

number by County and Contractor Defendants did not violate his constitutional privacy rights.

## V. CONCLUSION

For the foregoing reasons, I recommend County Defendants' Motion to Dismiss (ECF No. 38) be granted and Plaintiff's Claim One through Three against all Defendants be dismissed with prejudice for failure to state a claim upon which relief can be granted.  Further, Defendants Correct Commissary and Smart Communications should be dismissed and terminated from the docket in this matter.

Plaintiff's Claim Four against Defendants Watson, Adams, and Golden shall remain for further consideration.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **20th day of April 2023**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE