IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERIC DEMOND RUSSELL.                                                                            PLAINTIFF

v.                                          Civil No. 4:22-cv-4035-SOH-BAB

CAPTAIN ADAMS;
SERGEANT GOLDEN; and
CORRECTIONAL OFFICER MRS. WATSON                                          DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is Defendants, Captain Adams, Sergeant Golden, and Mrs. Watson's (hereinafter "County Defendants") Motion for Summary Judgment (ECF No. 63). Plaintiff responded, (ECF No. 70), and County Defendants replied to Plaintiff's Response (ECF No. 71). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred the instant motion to the undersigned for the purpose of making a Report and Recommendation.

### I.     BACKGROUND

Plaintiff is currently incarcerated in the Arkansas Division of Corrections – Mississippi County Work Release Center in Luxora, Arkansas. His claims in this lawsuit stem from alleged civil rights violations while he was incarcerated in the Miller County Detention Center ("MCDC") in Texarkana, Arkansas as a pretrial detainee. Plaintiff filed his original Complaint on April 19, 2022. (ECF No. 1). Upon the Court's order, Plaintiff filed an Amended Complaint on April 26, 2022. (ECF No. 6). On May 2, 2022, the Court again ordered Plaintiff to amend his complaint. (ECF No. 7). Plaintiff complied, filing his Second Amended Complaint on May 16, 2022. (ECF No. 8). Plaintiff sued the County Defendants in their official capacities only. Plaintiff is seeking injunctive relief, and compensatory and punitive damages. *Id.*

On February 2, 2023, County Defendants filed a Motion to Dismiss and Brief in Support pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 38, 39). The undersigned issued a Report and Recommendation, on April 20, 2023, recommending all of Plaintiff's claims be dismissed save for his Claim Four against Defendants Watson, Adams, and Golden. (ECF No. 49). The Report and Recommendation was adopted *in toto* and Plaintiff's Claims One, Two, and Three were dismissed.[1] (ECF No. 59). Thus, only Plaintiff's Claim Four against County Defendants remains for resolution.

County Defendants filed the instant Motion for Summary Judgment with Brief in Support and Statement of Undisputed Facts on January 29, 2024. (ECF Nos. 63, 64, 65). In their Brief, County Defendants argue Plaintiff has failed to exhaust his administrative remedies. Therefore, his Claim Four should be dismissed. (ECF No. 64). The Court finds this matter can be resolved on the issue of exhaustion and includes only those facts from the summary judgment record relevant to the issue of exhaustion herein.

In Claim Four of his Second Amended Complaint, Plaintiff alleges, Defendants Watson, Adams, and Golden did not provide a safe environment, subjected him to unconstitutional conditions of confinement, and cruel and unusual punishment. (ECF No. 8, p. 10). Specifically, Plaintiff claims Defendant Watson forwards grievances to the officer subject to the grievance. This makes the officers retaliate against inmates. Plaintiff claims Defendant Adams oversees disciplinary and confinement safety. Plaintiff also alleges, Defendant Golden placed Plaintiff in lock-up for no reason. Plaintiff stayed locked up for seven days without a "write up." Plaintiff

---

[1] Plaintiff also sued Defendants Correct Commissary, Smart Communications, and Sharon Park. All of these separate defendants were also dismissed by the Court's June 26, 2023 Order adopting the Report and Recommendation on Motion to Dismiss. (ECF Nos. 59; 72).

alleges Defendant Golden is rude in his responses to grievances. (ECF No. 8, p. 10). Plaintiff further explains this official capacity claim as:

> Not providing a safe and equal environment. Eighth Amendment Conditions of Confinement. Your job is your job not a buddy system. And keeping a blind eye to justices. Causing cruel and unusual punishment. We maybe inmates but we still have rights. Inmates lives matter too.

(ECF No. 8, p. 11) (errors in original).

Defendants submitted a Statement of Undisputed Facts stating the MCDC has a grievance procedure. The Defendants claim, that while Plaintiff utilized this procedure regularly, he did not file any grievances on the issues complained of in Claim Four, thus, failing to exhaust his administrative remedies at the MCDC. (ECF No. 65, pp. 1-2).

In his Response, the only fact Plaintiff disputes relates to Defendant Adams's failure to complete a written investigation report when he placed him in disciplinary segregation in January 2022. (ECF No. 70, p. 1).

Defendants submitted the MCDC Policy and Procedure on Inmate Grievances SOP 09.01 and Inmate Discipline SOP 06.01. The grievance procedure included in the record appears to be either missing pages or not submitted in consecutive order. Furthermore, some of the procedure cited is illegible. However, it is clear from the procedures submitted that inmates are required to file grievances on complaints. (ECF No. 63-2). Defendants also produced all the grievances submitted by Plaintiff while he was incarcerated in the MCDC. (ECF No. 63-3).

Plaintiff does not dispute the MCDC policy and procedure produced by Defendants on the summary judgment record. (ECF No. 70).

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607.  "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. at 610. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Under § 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official capacities.  The type of conduct that is actionable and the type of defense available depend on whether the claim is asserted against a defendant in his official or individual capacity. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted).  "Claims against individuals in their official capacities are equivalent to claims against the entity for which they

4

work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Id.* Personal capacity claims "are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense" to these individual capacity claims. *Id.* To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the defendant acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

### III. DISCUSSION

Defendants argue Plaintiff failed to exhaust his administrative remedies, therefore, Claim Four should be dismissed. (ECF No. 64, p. 7). As previously stated, Plaintiff did not dispute this fact in his Response.

The PLRA mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U. S. C. § 1997e(a) (held unconstitutional on other grounds). Exhaustion is mandatory. *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court explained that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The *Jones* Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system

to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*.

Defendants presented the MCDC grievance procedure, and all the grievances submitted by Plaintiff while he was incarcerated in the MCDC. (ECF Nos. 63-2; 63-3). Specifically, Defendants argue Plaintiff failed to file any grievances against Defendants Watson, Adams, or Golden. Furthermore, Defendants argue Plaintiff did not grieve any of the issues raised in his Claim Four. (ECF No. 64, p. 9). Plaintiff does not dispute Plaintiff's factual assertions or arguments. He also fails to assert any facts that additional grievances not on the record existed. Finally, Plaintiff makes no assertion the grievance procedure was unavailable to him, and clearly such a claim would be futile as 106 pages of Plaintiff's other grievances are included in this summary judgment record. (ECF No. 63-3).

The Court specifically advised Plaintiff, in its January 30, 2024 Order, he must respond to Defendants' Motion with evidence establishing a genuine issue of material fact pursuant to Federal Rule 56(e). (ECF No. 66). Furthermore, Plaintiff was advised he must submit a separate Statement of Disputed Facts in which he lists all the facts submitted by Defendants that he disputes. Lastly, the Court explained to Plaintiff it would not sift through the record to find support for his factual contentions. *Id.* (citing *Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004)).

Accordingly, Plaintiff's Claim Four should be dismissed as there are no issues of material fact as to whether Plaintiff failure to exhaust Claim Four pursuant to the PLRA.

## IV. CONCLUSION

For the foregoing reasons, I recommend County Defendants' Motion to Dismiss (ECF No. 63) be **GRANTED** and this Claim Four be **DISMISSED** without prejudice. As this is the final remaining claim, this case should be closed.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **10th day of July 2023**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE